## ENO-v. CORNISH.

ERROR from the judgment of a justice of the peace. Cornish brought his action against the plaintiff in error (she being executrix of the last will and testament of Isaac Eno, deceased) declaring — "That he was a collector of state taxes, levied on the list of the polls and ratable estate of the inhabitants of the town of Symsbury, in the year 1761, and received from the treasurer of the state of Connecticut, a legal warrant, authorizing him to collect of the several inhabitants of said town, their proportion of said tax; and that said Isaac Eno was then living, and his proportion of said tax was ascertained in the bills delivered to the plaintiff, to be £18 8s. lawful money, which was payable by the last day of December, 1762; and that said Isaac died, without paying any part of said rate, though the plaintiff had several times demanded payment, and forbore to distrain, at the request of said Isaac; whereupon he became indebted to the plaintiff for said rate, the interest thereof, and the plaintiff's fees, amounting to, etc.— and that the defendant (said Isaac's executrix) had never paid the same, though often demanded; whereupon an action hath accrued," etc.

The defendant pleaded a settlement and discharge, in the lifetime of the deceased; which was traversed, and issue joined.

The judgment was entered up in these words:— "That after hearing the witnesses and pleadings in this case, the court is of opinion, that the defendant's plea in bar is insufficient; and judgment is given, that the plaintiff shall recover of the defendant, forty shillings damages, and cost," etc.

Three exceptions were taken to this judgment:

1. That the judgment contains no answer to the issue, but is upon a point foreign to the controversy.

2. That the judgment and execution is against the defendant personally, when it should have been against her, as executrix, and the goods and estate of the testator in her hands.

3. That upon the face of the declaration it is manifest, that the defendant could not be liable in debt for said taxes, which are more than twenty years old, and the law will presume have been paid.

Judgment of the justice reversed.

By the COURT. (SHERMAN, J., absent.) — If an action is necessary, or doth lie against the administrator or executor, upon a tax warrant, for taxes due from the deceased, he can only be liable in that capacity; whereas, in this case, judgment was rendered against the executrix, in her private capacity.